**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SIMON GEBREGZIABHER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-02014 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Simon Gebregziabher's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1). The Government filed a response in opposition to the § 2255 motion. (Doc. No. 4). Movant did not file a reply. As a result, this matter is fully briefed and ready for disposition. For the following reasons, Movant's motion will be denied.[1]

### I.      Background

On April 2, 2018, Movant pled guilty to a three-count Indictment charging Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 1 and 3) and Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Count 2).

At his plea hearing, Movant acknowledged, under oath, that:

On March 16, 2017, members of the St. Louis Metropolitan Police Department were trying to locate [Movant] for felony warrants. They observed a vehicle driven by him area of Dr. Martin Luther King Drive and Hamilton. They attempted a car

---

[1] Because Movant's motion can be conclusively determined based on the motion, files and records of the case, an evidentiary hearing need not be held. See Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

stop but he fled. Spike strips were deployed which deflated his tires but he continued driving and entered eastbound 1-70. He eventually abandoned the vehicle and discarded a stolen and loaded Smith and Wesson 40 caliber semi-automatic pistol. The police were able to take him into custody. When they returned to the car he was driving, they recovered numerous boxes of ammunition in the car.

On January 15, 2017, members of the St. Louis Metropolitan Police Department were dispatched to the scene of an accident in the rear of 5216 Oleatha. Upon arrival, they observed [Movant] in the crashed car, asleep behind the wheel. The police were able to wake him and he exited the car, briefly spoke to the officers but then ran away. A search of his vehicle revealed a loaded, stolen, 45 caliber Springfield semi-automatic pistol.

The firearms, which comports with the federal definition pursuant to Title 18 U.S.C. § 921, were not manufactured in Missouri therefore travelled in interstate commerce prior to the defendant possessing them. The defendant also admits that prior to the commission of each offense, he was convicted of a felony, which was punishable by imprisonment for a term exceeding one year.

(Plea Agreement, Case No. 4:17-CR-00165, Doc. No. 47 at 2-3; Plea Transcript, Doc. No. 64 at 13-14).

The transcript of the plea hearing reflects that the Court closely examined Movant regarding the voluntariness of his plea, and found the plea was made "intelligently and voluntarily," with a full understanding of the charges and the consequences of the plea. (Plea Transcript at 10, 20-21). Movant stated that no one had threatened him or pressured him into pleading guilty (id. at 20), and that he was fully satisfied with his attorney's representation (id. at 7).

On July 10, 2018, the Court sentenced Movant to concurrent terms of imprisonment of 72 months on each of counts one through three, to run consecutively to the sentence imposed in Case No. 4:07-CR-00562 AGF (E.D. Mo.), followed by a two-year term of supervised release. No appeal was filed.

2

On July 11, 2019, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence raising three grounds for post-conviction relief. Specifically, Movant alleges his counsel was ineffective for failing to move to dismiss the indictment and for failing to challenge as ambiguous the language "any court of" in 18 U.S.C. § 922(g)(1). Movant further alleges his guilty plea was unknowing and involuntary.

## II.    Standard of review

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on grounds that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (quoting United States v. Boone, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994) (citation omitted). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001) (citing Bousley v. United States, 523 U.S. 614, 621 (1998)).

Ineffective assistance of counsel claims, however, generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. Massaro v.

3

United States, 538 U.S. 500, 504 (2003); United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006);

United States v. Cordy, 560 F.3d 808, 817 (8th Cir. 2009). The "heavy burden of demonstrating

ineffective assistance of counsel is on a defendant. United States v. Cronic, 466 U.S. 648, 658

(1984); United States v. White, 341 F.3d 673, 678 (8th Cir. 2003); United States v. Apfel, 97 F.3d

1074, 1076 (8th Cir. 1996).

  In the context of a guilty plea, Movant must show (1) "that counsel's representation fell

below an objective standard of reasonableness"; and (2) that he was prejudiced by counsel's

deficient performance – that is, "that there is a reasonable probability that, but for counsel's errors,

he would not have pleaded guilty and would have insisted on going to trial." Gumangan v. United

States, 254 F.3d 701, 705 (8th Cir. 2001) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal

quotations omitted)); see also Strickland v. Washington, 466 U.S. 668, 687 (1984). "In

determining whether counsel's conduct was objectively reasonable, there is a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance." Nguyen

v. United States, 114 F.3d 699, 704 (8th Cir. 1997) (citing Strickland, 466 U.S. at 689) (internal

quotations omitted). Both prongs of the test must be satisfied for the claim to succeed; if a movant

fails to make a sufficient showing under one prong, the court need not consider the other. See

Strickland, 466 U.S. at 697.

### III. Discussion

### A. Ground One

  In his first ground for relief, Movant argues his attorney was ineffective for failing to

move to dismiss the indictment because it failed to set forth "all essential elements." As a result,

Movant contends he was convicted of a "non-crime." The Government addresses Movant's

claim as one under Rehaif v. United States, 139 S. Ct. 2191 (2019), which held that, in a

prosecution under 18 U.S.C. § 922(g) and § 924(a)(2)[2], the Government must prove that the defendant knew he possessed a firearm and that he belonged to the relevant category of persons barred from possessing a firearm.

On federal habeas review, courts examine counsel's challenged conduct under the circumstances prevailing and the state of the law as it existed at the relevant time, and "avoid making judgments based on hindsight." Williams v. United States, No. 4:19-CV-2417 RLW, 2022 WL 4299835, at *10-11 (E.D. Mo. Sept. 19, 2022) (quoting Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000)). It is well established that it is not ineffective assistance of counsel to fail to anticipate a change in the law that may benefit a defendant. See Ragland v. United States, 756 F.3d 597, 601 (8th Cir. 2014) (counsel's failure to anticipate a change in the law does not constitute ineffective assistance); Toledo v. United States, 581 F.3d 678, 681 (8th Cir. 2009) ("Counsel is not accountable for unknown future changes in the law."); Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002) ("counsel's decision not to raise an issue unsupported by then-existing precedent did not constitute ineffective assistance"); Fields v. United States, 201 F.3d 1025, 1028 (8th Cir. 2000) ("If counsel's failure to anticipate a change in the law will not establish that counsel performed below professional standards, then counsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts surely cannot render counsel's performance professionally unreasonable.") (internal citation omitted).

---

[2] For context, 18 U.S.C. § 924(a)(2) provides, "[w]hoever *knowingly* violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2) (emphasis added). The Rehaif Court concluded that the term "knowingly" as used in § 924(a)(2) applied both to the defendant's conduct (that he possessed a firearm) *and* to his status (as a felon, unlawful alien, or the like) for purposes of § 922(g)(1). See Rehaif, 139 S. Ct. at 2194.

Here, Movant's attorney's performance is evaluated as of the dates that Movant entered a plea of guilty and was sentenced. On those dates, there was no reason for Movant's counsel to anticipate a change in the law regarding a defendant's knowledge of his prohibited status, because Movant pleaded guilty and was sentenced almost a year before the Supreme Court's decision in Rehaif. There is no basis to find counsel ineffective for failing to take actions or make arguments in anticipation of the Supreme Court's decision in Rehaif where a defendant was sentenced months or years prior to that decision. See, e.g., Williams, 2022 WL 4299835, at * 11; Jackson v. United States, 4:19-CV-1045 RLW, 2022 WL 4078867, at *11 (E.D. Mo. Sept. 6, 2022); Clay v. United States, No. 4:19-CV-02015-AGF, 2022 WL 2833991, at *4 (E.D. Mo. July 20, 2022); Stewart v. United States, 4:19-CV-3189 CDP, 2022 WL 1165834, at *4 (E.D. Mo. Apr. 20, 2022).

As a result, Movant's attorney was not ineffective for not moving to dismiss the indictment. There was no basis for counsel to suspect there was a requirement that a defendant must know of his prohibited status in a felon in possession of a firearm case at the times when Movant pled guilty or was sentenced. And even if Movant's attorney had taken the actions Movant now contends he should have, this Court would not have granted a motion to dismiss the indictment as there was no reason to do so based on controlling Eighth Circuit precedent at the time. See Williams, 2022 WL 4299835, at *11; Fields, 201 F.3d at 1028. For these reasons, Ground One is without merit and will be denied.

**B.    Ground Two**

Next, Movant argues that his guilty plea was not made knowingly and intelligently because he "never admitted to all essential elements of § 922(g)(1). The Court finds Movant's claim under Rehaif should be dismissed as waived and procedurally defaulted. The claim also fails on its merits.

6

**Waiver**

In the Guilty Plea Agreement, Movant waived "all rights to contest the conviction or sentence in any post-conviction proceedings, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (Doc. No. 47 at 5 ¶ 7.b.). It is well established that a defendant may waive his § 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." Jackson, 2022 WL 4078867, at *8 (citations omitted). Exceptions to waiver include the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel. Id. (citations omitted). The Eighth Circuit has cautioned, however, that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." Id.

Here, Movant entered into the Guilty Plea Agreement knowingly and voluntarily, including the provision in which he waived his right to appeal his conviction in a post-conviction proceeding. Movant has not established that enforcement of the waiver would result in a "miscarriage of justice." Nor does he allege that he is actually innocent of the offenses to which he pled guilty. Indeed, a review of the acts admitted by Movant in the Guilty Plea Agreement and the Presentence Investigation Report ("PSR", Doc. No. 53) and confirmed during the change of plea and sentencing hearings, contradict any claim of actual innocence.

Specifically, Movant agreed in the Guilty Plea Agreement as to Counts One and Three that he admitted to knowingly violating Title 18, United States Code, Section 922(g), and admits there was a factual basis for the plea, including that he had previously been convicted of a felony punishable by imprisonment for a term exceeding one year. (Doc. No. 47 at 1-2, ¶ 3). Likewise, as

7

to Count Two, Movant admitted to knowingly violating Title 18, United States Code, Section 922(g), and that there was a factual basis for the plea, including that he had previously been convicted of a felony punishable by imprisonment for a term exceeding one year. (Id.). During the change of plea hearing, Movant confirmed he had read the Plea Agreement and admitted he was guilty of each of the elements of the crimes to which he was pleading. (Plea Transcript at 12-14). At the sentencing hearing, Movant again confirmed that he had entered into the Plea Agreement "freely and voluntarily" and because he was, in fact, "guilty of each of [the] charges." (Sentencing Tr., Doc. No. 58 at 5-6).

The uncontested criminal history section of Movant's PSR listed the following felony convictions to which Movant made no objection:

- April 3, 2009 conviction in the United States District court for the Eastern District of Missouri, for possession with intent to distribute cocaine base on or about  April 27, 2007, Cause No. 4:07CR562 AGF ("2009 Federal Conviction"); and

- April 9, 2012 conviction in the United States District court for the Eastern District of Arkansas for possession of a prohibited object in a Federal prison on or about January 31, 2011, Case No. 4:11CR152 SWW ("2012 Federal Conviction").

With respect to the 2009 Federal Conviction, the PSR and court records indicate Movant was sentenced on April 3, 2009, to a term of 60 months imprisonment to be followed by four years of supervised release. (PSR at ¶ 47). Having served a substantial portion of his 60-month sentence, Movant was released to supervision on September 20, 2013. Id. His supervised release was thereafter revoked on October 10, 2014, and Movant was sentenced to three months imprisonment followed by 36 months of supervised release. Id. After being released to supervision approximately two months later, Movant's supervised release was again revoked on April 7, 2017, and he was sentenced to an additional nine-month term of imprisonment. Id. Movant cannot now

8

plausibly allege he did not know that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year when he committed the instant offenses for which he was convicted.

Because of Movant's admissions, the issue of Rehaif – that of the Government's burden of proving the defendant knows his status – is not relevant here. Jackson, 2022 WL 4078867, at *9 (citing cases and explaining that Rehaif did not apply to petitioner's motion because he pled guilty to the charge in a plea agreement which set forth the elements of the offense). Further, Movant fails to allege any new and reliable evidence that indicates his innocence. As a result, Movant has not shown in light of all the evidence that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crime for which he was convicted.

Accordingly, the Court finds Movant has not established a fundamental miscarriage of justice occurred to circumvent his knowing and voluntary waiver of his right to appeal his conviction in a post-conviction proceeding. Id. at *10.

**Procedural default**

A defendant may properly claim in a § 2255 motion that, based on a court decision that resulted in a change in the law after affirmance of his conviction, his "conviction and punishment were for an act that the law does not make criminal." Jackson, 2022 WL 4078867, at *10 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Because Rehaif narrows the "class of persons that the law punishes" under Sections 922(g) and 924(a), it is retroactive on collateral review. Welch v. United States, 136 S. Ct. 1257, 1267 (2016).

As a general rule, however, claims that were not raised at trial or on direct appeal "may not be raised on collateral review." Massaro v. United States, 538 U.S. 500, 504 (2003). Here, Movant never raised a knowledge-of-prohibited-status objection in his criminal case and did not file an

appeal. As a result, Movant's <u>Rehaif</u> claim is subject to procedural default. Movant has made no showing of cause and actual prejudice needed to excuse the procedural default, nor has he alleged actual innocence. <u>Williams,</u> 2022 WL 4299835, at *8-9 (citing <u>Bousley v. United States,</u> 523 U.S. 614, 622 (1998)). Moreover, any claim of actual innocence by Movant would fail as the notion that he was somehow unaware of his status as a convicted felon is implausible, as discussed above. As the Eighth Circuit has observed, the "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a <u>Rehaif</u> error in a guilty plea affected his substantial rights." <u>United States v. Caudle,</u> 986 F.3d 916, 922 (8th Cir. 2020) (citation omitted); <u>United States v. Hollingshed,</u> 940 F.3d 410, 415-16 (8th Cir. 2019) (concluding that defendant knew he was a convicted felon at the time he unlawfully possessed a firearm not only because he stipulated at trial that he had previously been convicted of a crime, but also because he previously served four years in parison for a drug offense, in addition to a subsequent 15-month sentence after his supervised release was revoked). "Convicted felons typically know they're convicted felons." <u>Greer v. United States,</u> 141 S. Ct. 2090, 2098 (2021) (cleaned up). Thus, the Court finds Movant cannot establish either cause and prejudice to excuse his procedural default or actual innocence and as a result his <u>Rehaif</u> claim is procedurally defaulted.

**Merits**

Even if Movant's claim was not procedurally defaulted, it would fail on the merits. A guilty plea and representations made by a defendant during the plea-taking create a "strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." <u>Nguyen v. United States,</u> 114 F.3d 699, 703 (8th Cir. 1997). When a defendant admits he is satisfied with his lawyer, there were no threats or promises to induce him to plead, and he voluntarily admits his

guilt, he has a "heavy burden" to show his plea was involuntary. Id. "Once a person has entered a guilty plea, any subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Williams, 2022 WL 4299835, at *9 (quoting Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988)). As discussed above, the record in the criminal case clearly establishes that Movant knowingly, intelligently, and voluntarily entered into his plea agreement and pled guilty.

For all these reasons, Ground Two will be denied.

**Ground Three**

Lastly, Movant argues his counsel was ineffective for failing to challenge the "any court of" language in § 922(g)[3] as ambiguous, which resulted in his being convicted of a "non-crime." (Doc. No. 1 at 6). Specifically, Movant contends the language refers only to federal – not state – convictions. The Court finds no basis for finding the meaning of "any court" ambiguous. When interpreting a statute, the Court's inquiry begins with its plain language, i.e., the ordinary meaning of a term. Under a plain reading of the statute, the phrase "in any court" includes all domestic courts, both state and federal. See United States v. Qazi, No. 2:15-CR-14-APG-VCF, 2016 WL 3361492, at *2 (D. Nev. Feb. 16, 2016), report and recommendation adopted, No. 215CR00014 APG-VCF, 2016 WL 3353941 (D. Nev. June 10, 2016) (A state court conviction may serve as a "convict[ion] in any court" for the purposes of § 922(g)(1)) (citing United States v. Murillo, 422 F.3d 1152, 1153 (9th Cir. 2005)). In any event, Movant's conviction was based on two prior federal felony convictions. Ground Three is, therefore, without merit and will be denied.

---

[3] Section 922(g) provides that it shall be unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

**IV.     Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Movant Simon Gebregziabher's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment of dismissal accompanies this memorandum and order.

Dated this 23rd day of September, 2022.

_John A. Ross_

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**